# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE ALLEN, | CV F 01-5994 OWW DLB HC |
| Petitioner, | SECOND ORDER REQUESTING BRIEFING BY PETITIONER |
| v. | |
| ART CALDERON, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 27, 2005, the Ninth Circuit Court of Appeals reversed and remanded this action for the Court to determine whether the appointment of a guardian ad litem was necessary. On June 15, 2005, the Court issued an order appointing the Office of the Federal Defender and directed that Petitioner, through counsel, submit a brief addressing whether the appointment of a guardian ad litem is necessary and, if so, who the designated individual shall be.

On September 16, 2005, Petitioner submitted a brief. Respondent did not file a response.

In his briefing, Petitioner initially notes that he assumes "this court has followed the appellate court's ruling and has appointed the undersigned for the limited purpose of represented Mr. Allen at a competency hearing." (Briefing, at 4.) However, in conclusion, Petitioner requests that "this court either set a date for a hearing on this issue or make a preliminary hearing based on the information which is either already a part of the court's record or included in this

1

document that Mr. Allen is not competent to represent himself in the prosecution of his habeas petition." (Briefing at 7.) Petitioner reasons that if Petitioner is found to be incompetent then the court must determine how the habeas will proceed, i.e., how will the case proceed if Mr. Allen is appointed a guardian ad litem versus legal counsel. Petitioner reasons that Petitioner's incarceration status as an EOP inmate will affect a guard ad litem's ability to make informed decisions to protect Petitioner's interests. Petitioner concludes that "[t]hese concerns could best be addressed with the appointment of counsel for all purposes as legal counsel has less restricted access to Mr. Allen which would allow counsel to more effectively represent Mr. Allen's interests and hopefully avoid complications regarding representation issues in the future." (Brief, at 7-8.)

**Based on the evidence presented, the Court makes the initial finding that Petitioner is not competent to represent himself in this action**.[1] In response to Petitioner's September 16, 2005, briefing, the Court notes that it appointed counsel generally in this action, and the appointment is not limited to the competency determination.[2] That considered, the next issue to be resolved is whether Petitioner is able to assist counsel in pursing the instant petition for writ of habeas corpus and, if not, who the guardian ad litem shall be to assist counsel.

Based on the foregoing, it is HEREBY ORDERED that:

1.  Within twenty (20) days from the date of service of this order, Petitioner shall submit a brief addressing the above issue;

2.  Within twenty (20) days from the date Petitioner submits his briefing, Respondent may file a response; and

---

[1] Petitioner has submitted a declaration by psychiatrist, Dr. Marc Talisman, indicating that Petitioner suffers from Chronic Undifferentiated Schizophrenia. (Exhibit A, to Court Doc. 10.) Petitioner has submitted his own declaration as well as fellow inmate, Charles Johnson, indicating that due to Petitioner's mental illness he does not understand the nature of the court proceedings. (Court Doc. 10, at 2-5.) Petitioner further submits evidence that he has a reading vocabulary of grade 2 and a reading comprehension of grade 1.3. (Court Doc. 37, Exhibit A.) Petitioner's counsel further indicates that Petitioner's current psychologist, Dr. Bradford Steele, if called to testify would state that Petitioner suffers from chronic undifferentiated schizophrenia which is controlled by psychotropic medication: Sertraline. Petitioner further suffers from anxiety and depression. (Id. at 6.)

[2] This is substantiated by the fact that counsel seeks, in Petitioner's best interests, appointment for all purposes in this action.

3.   Following the briefing schedule outlined above, the Court will either set a hearing, if necessary, or issue a written ruling addressing the appointment of a guardian ad litem and how the action shall proceed.

IT IS SO ORDERED.

Dated:   **January 29, 2006**                               **/s/ Dennis L. Beck**
3b142a                                                UNITED STATES MAGISTRATE JUDGE

3