1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    ERNEST LEE ALLEN,                          CV F 01-5994 OWW DLB HC

10                      Petitioner,             ORDER DIRECTING SUPPLEMENTAL
                                                BRIEFING AS TO ISSUE OF EQUITABLE
11        v.                                    TOLLING AND EXPANSION OF THE
                                                RECORD
12   ART CALDERON,

13                      Respondent.

14   _____/

15

16        Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant

17   to 28 U.S.C. § 2254.  Petitioner is represented by Carolyn D. Phillips, Esq.

18        Respondent filed an answer to the petition on May 30, 2006, and Petitioner filed a

19   traverse on August 25, 2006.  (Court Docs. 41, 49.)  Therefore, the instant petition for writ of

20   habeas corpus is pending review on the merits.

21        In his answer, Respondent argues that the instant petition is barred by the one-year statute

22   of limitations.  In response, Petitioner contends that he is entitled to equitable tolling and requests

23   permission to expand the record on this issue to develop the factual basis to support his claim.

24   (Traverse, at 13.)  Specifically, Petitioner contends "[i]t is unknown when [he] became aware of

25   the denial by the California Supreme Court, or when he received his file from counsel.  Mr. Allen

26   requests an evidentiary hearing regarding the factual basis for equitable tolling of the statute."

27   (Traverse, at 13, n.3.)  In addition, Petitioner states that the date he received the Fresno County

28   Superior Court's denial of his state habeas corpus petition is unknown, and he requests an

1

1   evidentiary hearing and discovery on this issue.  (Id. at n.4.)

2       In addition, Petitioner seeks to expand the record through his own declaration to address

3   the merits of his underlying claims.  (Traverse, at 27.)

4       Rule 7 of the Rules Governing Habeas Corpus Cases under section 2254, provides:

5           (a) **In General**.  If the petition is not dismissed, the judge may direct the
parties to expand the record by submitting additional materials relating to the

6   petition.  The judge may require that these materials be authenticated.

           (b) **Types of Materials**.  The materials that may be required include letters

7   predating the filing of the petition, documents, exhibits, and answers under oath to
written interrogatories propounded by the judge.  Affidavits may also be

8   submitted and considered as part of the record.

           (c) **Review by the Opposing Party**.  The judge must give the party

9   against whom the additional materials are offered an opportunity to admit or deny
their correctness.

10

11       Expanding the record may enable the Court to resolve some of the claims without the

12   necessity of an evidentiary hearing.  See e.g. Williams v. Woodford, 382 F.3d 567, 591, 607 (9th

13   Cir. 2004) (expansion of the record is a permissible intermediate step that may avoid the

14   necessity of an expensive and time consuming evidentiary hearing.)  Rule 6 of the Rules

15   Governing Habeas Corpus Cases requires court approval before conducting discovery.[1]

16       Petitioner has not submitted the documentation in support of his request to expand the

17   record, and Respondent has not had the opportunity to oppose such request.

18       Accordingly, it is HEREBY ORDERED that:

19       1.     Within thirty (30) days from the date of service of this order, Petitioner shall

20           submit any and all documentation in support of his request to expand the record;

21           and

22   ///

23

24

    [1] Rule 6 states, in part:

25        (a) Leave of Court Required.  A judge may, for good cause, authorize a party to conduct
discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.

26        (b) Requesting Discovery.  A party requesting discovery must provide reasons for the
request.  The request must also include any proposed interrogatories and requests for admission,
and must specify any requested documents.

27        (c) Deposition Expenses. If the respondent is granted leave to take a deposition, the judge

28   may require the respondent to pay the travel expenses, subsistence expenses, and fees of the
petitioner's attorney to attend the deposition.

1  2.  Within thirty (30) days after Petitioner files such documentation, Respondent may

2    file an opposition to the request to expand the record.

3 IT IS SO ORDERED.

4 **Dated:** **December 4, 2007**      **/s/ Dennis L. Beck**
                UNITED STATES MAGISTRATE JUDGE

3