1

2 # UNITED STATES DISTRICT COURT

3 ## EASTERN DISTRICT OF CALIFORNIA

4

5 ERNEST LEE ALLEN,                          CV F 01-5994 LJO DLB HC

6                    Petitioner,             ORDER DENYING PETITIONER'S MOTION
                                             FOR RECONSIDERATION AND GRANTING
                                             PETITIONER THIRTY DAYS TO FILE
7        v.                                  OBJECTIONS TO THE FINDINGS AND
                                             RECOMMENDATION
8 ART CALDERON,
                                             [Docs. 75, 77, 78]
9                    Respondent.

10 _____/

11        Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant

12 to 28 U.S.C. § 2254.  Petitioner is represented by Carolyn D. Phillips, Esq.

13        Now pending before the Court is Petitioner's motion for reconsideration pursuant to Rule

14 72(a) of the Federal Rules of Civil Procedure and Local Rule 72-303(f), filed November 13,

15 2008.  (Court Doc. 75.)  Petitioner seeks reconsideration of the Magistrate Judge's order denying

16 his motion to amend.  (Court Doc. 70.)

17                              RELEVANT BACKGROUND

18        Petitioner filed the instant petition for writ of habeas corpus on August 2, 2001.  (Court

19 Doc. 1.)  On April 2, 2002, the Court issued an order to show cause why the petition should not

20 be dismissed for failure to exhaust the state court remedies and failure to sign the petition under

21 penalty of perjury.  (Court Doc. 9.)  Because Petitioner failed to comply with the Court's order,

22 the Magistrate Judge issued a Report and Recommendation to dismiss the action for failure to

23 prosecute.  (Court Doc. 12.)  On July 16, 2002, Petitioner filed a motion for appointment of

24 counsel, and on July 25, 2002, he filed objections.

25        On July 30, 2002, the motion for counsel was denied, and on August 22, 2002, the Court

26 adopted the Report and Recommendation and action was dismissed.  (Court Docs. 16, 17.)

27        Petitioner filed a timely notice of appeal.  On May 25, 2005, the action was reversed and

28 remanded for further factual development regarding Petitioner's competency and the necessity of

1

1    a guardian ad litem.

2        On June 15, 2005, the Court appointed the Office of the Federal Defender to represent

3    Petitioner and ordered briefing pursuant to the Ninth Circuit's remand.  (Court Doc. 29.)

4        On September 16, 2005, Petitioner's counsel filed a brief regarding Petitioner's

5    competency.  On January 30, 2006, the Court ordered further briefing.  (Court Doc. 38.)

6    Petitioner filed the second brief on February 16, 2006.  (Court Doc. 39.)

7        Based on counsel's response, the Court directed that appointment of a guardian ad litem

8    was unnecessary because Petitioner's interests were adequately protected by represented counsel.

9    (Court Doc. 40.)  Respondent was ordered to file a response to the petition.  (Id.)

10        On May 30, 2006, Respondent filed an answer to the petition arguing the petition was

11    untimely under 28 U.S.C. § 2244(d) and, in the alternative, without merit. Petitioner filed a

12    traverse on August 25, 2006.  (Court Docs. 41, 49.)

13        On December 4, 2007, the Court directed Petitioner to submit any and all documentation

14    in support of his request to expand the record.  (Court Doc. 55.)

15        After receiving three extensions of time, Petitioner filed a supplemental brief and a

16    motion to conduct discovery relating to his ability to file the federal petition within the

17    limitations period.  (Court Docs. 66, 67.)

18        On April 25, 2008, Respondent filed a status report requesting that the Court "skip over"

19    the more complicated or time-consuming issue of whether the instant petition was timely.  (Court

20    Doc. 69.)

21        Then on June 3, 2008, Petitioner filed a motion to amend the petition.  (Court Doc. 70.)

22    Respondent filed a response on June 11, 2008.  (Court Doc. 72.)

23        On October 29, 2008, the Court denied Petitioner's motion to amend the petition on the

24    ground that it was untimely, of which Petitioner seeks reconsideration.  (Court Docs. 74, 75.)

25        On November 19, 2008, the Magistrate Judge issued Findings and Recommendation to

26    deny the petition on the merits.  (Court Doc. 76.)

27        On December 18, 2008 and January 23, 2009, Petitioner filed motions for an extension of

28    time to file objections to the Findings and Recommendation.  (Court Docs. 77, 78.)

DISCUSSION

The standard of review of a Magistrate Judge's order is the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Local Rule 72-303(f).

In his motion for reconsideration, counsel argues Petitioner's "competence dovetails into his request for leave to file an amended petition in that Mr. Allen was not competent to realize that his petition omitted one exhausted claim and then correct it, and secondly his incompetence interfered with his ability to advise his counsel of any existing error in the pleadings at the time either his appellate counsel or his current counsel were appointed to represent him." (Motion, at 5.) Counsel goes on to argues that her "failure to file a motion for leave to amend the petition to include an exhausted claim, was an "extraordinary circumstance" which stood in Mr. Allen's way of filing a more timely request. The merits of Mr. Allen's claims should not be thwarted by counsel's failure to timely file a motion for leave to file a second amended the [sic] petition. Counsel's inaction was an external force which resulted in the failure to file a timely motion to amend the habeas petition, and not any lack of diligence on the part of Mr. Allen." (Motion, at 6.) (citations omitted).

Neither the Sixth Amendment nor federal law guarantees effective assistance of counsel for collateral proceedings. See Coleman v. Thompson, 501 U.S. 722, 752-754 (1991); Murray v. Giarratano, 492 U.S. 1 (1989); Johnson v. McBride, 381 F.3d 587, 590 (7th Cir. 2004). Thus, subject to very limited exceptions, errors by counsel on collateral review will not warrant equitable tolling. It is firmly established law that the miscalculation of the limitations period by counsel or negligence, in general, do not constitute extraordinary circumstances to justify equitable tolling. Lawrence v. Florida, 549 U.S. 327 (2007) (petitioner not entitled to equitable tolling based on attorney's miscalculation of limitations period and fact that state courts appointed and supervised counsel irrelevant); Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir.2002) (holding that attorney miscalculation of AEDPA limitations period did not merit equitable tolling); David v. Hall, 318 F.3d 343, 346 (1st Cir. 2003) (no equitable tolling for attorney miscalculation); Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (per curiam)

3

(no equitable tolling for attorney error in believing that state collateral actions reset the clock);<u>Taliani v. Chrans</u>, 189 F.3d 597, 598 (7th Cir. 1999) (no tolling due to lawyer's mistake that resulted in a missed deadline).

Petitioner's attempt to reconsider the order denying his motion to amend is a transparent attempt to obtain relief for counsel's failure to file a timely motion to amend the petition. Contrary to Petitioner's contention, the sole purpose of further briefing in 2008, after the case was submitted for review, related to whether Petitioner was entitled to equitable tolling of the initial one-year limitations period due to his mental incompetence. Petitioner's incompetence in no way relates to the failure to file a motion to amend the petition because counsel was appointed for all purposes. Counsel simply cannot place fault on Petitioner's mental status as a basis for her failure to file a timely motion to amend.

Moreover, as stated in the Magistrate's order, counsel was appointed to represent Petitioner in June 2005, and even if the limitations period started then, it expired in June 2006. In addition, counsel admits that she became aware of the omitted claim when preparing the traverse filed on August 25, 2006. Even if the limitations period began on the date of filing the traverse, a motion to amend was due on or before August 25, 2007, and Petitioner is still untimely by six months. Therefore, the fact that counsel failed to file a timely motion to amend the petition does not constitute an "extraordinary circumstance" and equitable tolling is not available. Accordingly, Petitioner has failed to demonstrate that the Magistrate Judge's order denying his motion to amend was "clearly erroneous or contrary to law" as set forth in 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Local Rule 72-303(f).

Based on the foregoing, it is HEREBY ORDERED that:

1.      Petitioner's motion for reconsideration is DENIED; and

2.      Petitioner is granted to and including January 30, 2009, to file objections to the pending Findings and Recommendation.

IT IS SO ORDERED.

**Dated:   January 26, 2009**            _____/s/ Lawrence J. O'Neill_____
                                         UNITED STATES DISTRICT JUDGE